## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**TONY A. HICKMAN**                                                            **PLAINTIFF**
*ADC #090793*

**v.**                                   **No: 3:26-cv-00129-KGB-PSH**

**TEAGUE,** *et al.*                                                        **DEFENDANTS**

### ORDER

Plaintiff Tony Hickman, an inmate at the Arkansas Division of Corrections' Grimes Unit, filed a complaint pursuant to 42 U.S.C. § 1983 on May 4, 2026 (Doc. No. 2). The filing and administrative fees have been paid in full. *See* Doc. No. 4.

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A. The Court has reviewed Hickman's complaint and finds that service is not proper at this time for the following reasons.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Intentional conduct, rather than negligence, is required to sustain

a § 1983 claim. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *see also Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ( . . . "'deliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk.") (quoting *Newman v. Holmes,* 122 F.3d 650, 653 (8th Cir. 1997)).  To prevail on an Eighth Amendment conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1970).

Hickman alleges that he filed a grievance at the Grimes Unit regarding the improper disposal of biohazard bags.  Doc. No. 2 at 6-10.  He also complains about another inmate not disposing of his diapers appropriately and not keeping himself clean, and about the way inmates' laundry is mixed together at the unit.  *Id.*  Hickman indicates that he fears contracting HIV or hepatitis from exposure to biohazardous materials, but he does not describe how he is exposed to these materials or any specific injury he has suffered as a result of how these materials are handled. Accordingly, he may file an amended complaint to provide additional facts to support his claims.

Further, Hickman names Health Administrator Ms. Teague, Director of Nursing Ashley D. Jackson, and ADC Deputy Director Aundrea F. Culclager as defendants. Doc. No. 2 at 1-2. He does not indicate in which capacity he sues these defendants. *Id.* at 2. Hickman states that Culclager denied his grievance appeal and that he made Jackson aware of these issues. *Id.* at 9. He does not specifically describe any involvement by Teague. Accordingly, Hickman must amend his complaint within 30 days to describe the involvement of each defendant in the violation of his rights. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Hickman should also note that a defendant's participation in the administrative grievance procedure alone is insufficient to establish liability under § 1983. *See Rowe v. Norris*, 198 F. App'x 579, 580 (8th Cir. 2006).

The Clerk of Court is directed to send a blank § 1983 complaint form to Hickman. Hickman is cautioned that an amended complaint renders his pending complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended

complaint conforming to this order within 30 days, the Court may recommend the dismissal of Hickman's complaint.

IT IS SO ORDERED this 23rd day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE